851 F.2d 356
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eileen V. PIETRZAK, Defendant-Appellant.
 No. 86-5116.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 13, 1987.
Decided: July 6, 1988.
 
 Eileen V. Pietrzak, appellant pro se.
 David Allen Jividen, Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eileen Pietrzak was convicted of conspiracy to distribute cocaine (21 U.S.C. Sec. 846), of importation of cocaine (21 U.S.C. Sec. 952), and of perjury (18 U.S.C. Sec. 1623). She appeals, proceeding pro se. She initially filed a docketing statement setting out four issues which she wished to raise on appeal; however, she has since filed no brief or any other pleading with this Court.
 
 
 2
 Mrs. Pietrzak and her husband were indicted with eleven other defendants who were charged with numerous racketeering and narcotics violations. Four went to trial; one became a fugitive and the others plea bargained.
 
 
 3
 The Pietrzaks traveled to Peru and to the Bahamas and returned to the United States with cocaine. Their expenses were paid by one of their co-defendants and there was evidence that they were also paid outright for their services. In appearances before a grand jury, the Pietrzaks both maintained that they were unaware that they were transporting cocaine into the country.
 
 
 4
 On appeal, Mrs. Pietrzak makes the following claim of error:
 
 
 5
 (1) the district court's failure to sever or grant mistrial because of prejudicial misjoinder;
 
 
 6
 (2) failure to instruct the jury on her theory of the case;
 
 
 7
 (3) failure to direct the government to turn over Jencks Act material;
 
 
 8
 (4) failure to grant a mistrial due to improper comment by the prosecutor during rebuttal argument.
 
 
 9
 For the reasons given below, we affirm the convictions.
 
 
 10
 Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be joined in a single indictment where they are alleged to have participated (1) in the same act or transaction or (2) in the same series of acts or transactions constituting an offense or offenses. Each defendant need not be charged in every count of the indictment. United States v. Santoni, 585 F.2d 667, 673 (4th Cir.1978), cert. denied, 440 U.S. 910 (1979). Here, Mrs. Pietrzak clearly participated in a cocaine conspiracy and a series of transactions involving importation which included many of the other defendants, even though she was not a prime mover and was not alleged to be a participant in the RICO offenses.
 
 
 11
 Rule 14 of the Federal Rules of Criminal Procedure permits the trial court to order a separate trial for a defendant who has been joined with other defendants in an indictment if a joint trial is sufficiently prejudicial to the defendant. However, the determination that there is sufficient prejudice to warrant severance is one committed to the sound discretion of the trial court. United States v. Mandel, 591 F.2d 1247, 1371 (4th Cir.1979), cert. denied, 445 U.S. 961 (1980). During the trial, Mrs. Pietrzakl's attorney requested that the trial judge instruct the jury that Mrs. Pietrzak was not charged with the RICO conspiracy or with involvement in any of the substantive RICO counts and that evidence pertaining to those charges should not be considered against her. The trial Judge repeatedly made this instruction. Mrs. Pietrzak's attorney nonetheless moved for a separate trial and the motion was denied. We do not find that the trial judge abused his discretion in doing so.
 
 
 12
 Mrs. Pietrzak next claims that the district court failed to instruct the jury on her theory of the case. The attorneys for Mr. and Mrs. Pietrzak submitted together two proposed instructions (16 & 17) on the defendants' alleged lack of knowledge that they were bringing cocaine into the country. The trial judge rejected the two instructions because the jury charge adequately instructed the jury on the government's burden of proving that the Pietrzaks imported the cocaine knowingly and willfully. In these circumstances, there was no error.
 
 
 13
 Mrs. Pietrzak's third claim is that the trial court erred in failing to order the government to turn over Jencks material. This claim apparently refers to the district court's ruling on notes taken by a prosecutor and two special agents during interviews of a co-defendant, Donald Spadafore, which the defendants sought as Jencks material. The district court ruled that the notes had not been signed or adopted by Spadafore and were not Jencks material. The ruling was made after the judge allowed Spadafore to review the notes, in chambers, and after he questioned Spadafore to determine whether the notes were in any way his own statement or were approved or adopted by him. Because the notes were not read back to Spadafore, nor was he asked to verify or approve them, the district court was not in error when it found that the notes were not Jencks material. United States v. Goldberg, 425 U.S. 94 (1976); United States v. Foley, 598 F.2d 1323 (4th Cir.1979); cert. denied, 444 U.S. 1043, 1338 (1980).
 
 
 14
 Last, Mrs. Pietrzak argues that the district court should have granted a mistrial because of an improper comment by the prosecutor during his rebuttal argument. The defendants' motion for a mistrial came after the prosecutor said, "Another comment that I heard, and I am sorry, but it upsets me a little bit, 13 pieces of silver. These people here are drug dealers. They are not Jesus Christ and I don't like that analogy." This remark was made in response to something said by Mrs. Pietrzak's husband's lawyer in his closing argument. The statement was not recorded, but apparently it related to the fact that several of the defendants originally indicted had pled guilty and testified against the remaining defendants, including the Pietrzaks. A prosecutor may respond to such a remark, but his response may not be so inflammatory as to make a fair trial impossible. United States v. Young, 470 U.S. 1 (1985); United States v. Grabiec, 563 F.2d 313 (7th Cir.1977). The prosecutor's comment in this case was not so inflammatory as to be grounds for a mistrial.
 
 
 15
 Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal arguments are adequately presented in the docketing statement submitted by Mrs. Pietrzak, the briefs submitted in the appeal of Robert Pietrzak, raising some of the same issues, and the record. Oral argument would not significantly aid the decisional process.